### THE KID.

### BENN RIGEL CONTRACTING & SUPPLY CO. v. IRA S. BUSHEY & SONS, Inc.

(District Court, E. D. New York. April 21, 1919.)

WHARVES ☞20(7)—REPAIRS—CONTRACT FOR DRY DOCK—SUFFICIENCY OF EVIDENCE.

Owner of vessel, seeking recovery of damages entailed by sinking thereof after being taken to another for repairs, held not to have sustained its burden of proof that the other agreed to place it, immediately on arrival, in dry dock.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Two libels, one by Ira S. Bushey & Sons, Incorporated, against the hoister Kid, and the other by the Benn Rigel Contracting & Supply Company against Ira S. Bushey & Sons, Incorporated. Decree for libelant in first case; libel in second case dismissed.

Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for Bushey & Sons.

William S. Pettit, of Far Rockaway, N. Y., and Mr. Bunker, for the Kid.

GARVIN, District Judge. Two cases have been tried together. Ira S. Bushey & Sons, Incorporated, libeled the hoister Kid for work, labor, and services in connection with repairs to that vessel. It is not disputed that repairs were made, but Benn Rigel Contracting & Supply Company, owner of the Kid, claim that Bushey & Sons, Incorporated, undertook to place the Kid upon the dry dock on the afternoon of November 3, 1917, that this was not done, and that as a result the Kid sunk twice, was raised and pumped out each time, and was then towed ashore by Bushey & Sons, instead of being placed in the dry dock, and when beached filled with water.

The libel filed by Benn Rigel Contracting & Supply Company sets forth that on November 3, 1917, Ira S. Bushey & Sons, Incorporated, promised to place the hoister Kid upon dry dock on the afternoon of that day, that libelant delivered the boat to the respondent, which received her for the purpose of repairing her, and that, instead of placing her in dry dock at once, it neglected her and allowed her to sink twice. The libel is for various items of damage in connection with raising the Kid, pumping her out, damages to her deckhouse, and for loss of her use while she was being repaired.

It appears that about 11 a. m. on November 3, 1917, Benjamin Rigel, an officer of Benn Rigel Contracting & Supply Company, talked by telephone with Frank Bushey, of Ira S. Bushey Sons, Incorporated, and told him that he wished said Bushey Sons to repair the Kid. He further testified in substance that Bushey told him to bring the boat there during the day and that she would be put in dry dock at once. Bushey denied this vigorously, and testified that November 3 was a Saturday, that his men stopped work at 4:30 p. m., and that he told Rigel that the Kid must be at the dry dock at 4 o'clock at the latest. This is corroborated to some extent by the witness Ferrick, and I am of the opinion the Benn Rigel Contracting & Supply Company has not sustained the burden of proof. The boat did not reach the dry dock until 4:30 p. m. or later.

There will therefore be a decree for the libelant in the libel brought by Bushey & Sons, Incorporated, and the libel brought by the Benn Rigel Contracting & Supply Company will be dismissed.